IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 7 |
| | ) | Case No. 15-37139 |
| Brian Everette Johnson, | ) | |
| | ) | Judge Jack B. Schmetterer |
| | ) | Room 682 |
| Debtor. | ) | |
| | ) | |
| Benita Johnson, n/k/a Long, | ) | Case No. 15 AP 889 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Hearing Date: April 7, 2016 |
| | ) | Hearing Time: 10:30 A.M. |
| Brian Everette Johnson, | ) | |
| | ) | |
| Defendant. | ) | |

## ~~PROPOSED~~ FINDINGS OF FACT AND CONCLUSIONS OF LAW FOR ENTRY OF DEFAULT JUDGMENT

This matter coming to the court on Plaintiff's Motion for Default Judgment, no answer having been filed to the complaint, the allegations contained therein are admitted as confessed pursuant to Fed. R. Civ. P. 8, which applies to bankruptcy proceedings through Fed. R. Bankr. P. 7008. "An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6). Further, in this case, Plaintiff is not seeking an entry of judgment for a specific amount of damages, which makes a prove-up for damages unnecessary. See Fed. R. Civ. P(8)(6).

### FINDING OF FACT

1. The following findings of fact are based on (i) the confessed allegations in the Complaint, and (ii) the attached exhibits to the Complaint which contain various orders from the Debtor's divorce case heard in the Circuit Court of Cook County Illinois.

2. Prior to filing his bankruptcy case on October 30, 2015, the Debtor was a party in a dissolution of marriage matter in the Circuit Court of Cook County, Illinois entitled Bonita Johnson v. Brian E. Johnson, as case numbered 01 D 16577.

3. On September 16, 2005 an order was entered in the divorce case entering judgment in favor of Plaintiff and against Debtor pursuant to Section 508(b) of the Illinois Marriage and Dissolution of Marriage Act (the Act) 750 ILCS 5/101, et seq. (West 2010). A copy of that order is attached to Plaintiff's Complaint as Exhibit A. The judgment entered was in the amount of $1,095.00 and represented attorneys fees incurred by the Plaintiff in enforcing terms of the divorce decree previously entered between the Plaintiff and the Debtor/Defendant.

4. The order reads in relevant part as follows: "as and for attorney's fees and costs incurred in the divorce matter. Said judgment was revived on August 26, 2015 by separate order which is attached as Exhibit B in Plaintiff's Complaint. An award of attorney fees incurred during the course of a dissolution of marriage proceeding is considered a Domestic Support Obligation and is thus non dischargeable in Defendant's bankruptcy proceeding.

5. On January 7, 2003, a Judgment of Dissolution of Marriage was entered between the Plaintiff and the Defendant/Debtor. Paragraph 27 provided for a judgment for attorneys fees in favor of Plaintiff and against Debtor in the amount of $4,500.00. The Judgment is attached as Exhibit C to Plaintiff's Complaint.

6. That as of the filing of Defendants bankruptcy Petition various Judgments remain unsatisfied in the amounts of $1,095.00 and $4,500.00 plus accrued statutory interest of 9% per annum.

## CONCLUSIONS OF LAW

Section 523(a)(5) of the Bankruptcy Code provides, in relevant part, that a discharge under section 727 does not discharge an individual debtor from any debt "for a domestic support

obligation." The term "domestic support obligation" ("DSO") is defined in section 101(14A) of the Code as a debt that accrues before, on, or after the order for relief in the title 11 case, including interest that accrues on that debt as provided under applicable nonbankruptcy law, and that is: (A) owed to or recoverable by (i) a spouse, former spouse, or child of the debtor, or such child's parent, legal guardian, or responsible relative; or (ii) a governmental unit; (B) in the nature of alimony, maintenance, or support of such spouse, former spouse or child of the debtor or such child's parent; (C) established before, on, or after the date of the order for relief by reason of applicable provisions of, among other things, an order of a court of record; and (D) not assigned to a nongovernmental entity. *11 U.S.C. § 101(14A).*

Further, 11 U.S.C. § 523 (a)(15) provides:

> a. A discharge under section 727, of this title does not discharge an individual debtor from any debt –
> (15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit.

The debt owed to Plaintiff by the Defendant arose out of the course of the parties divorce and is contained in the various Judgment orders attached to the Complaint.

The debt owed by the Defendant to the Plaintiff meets all of the criteria to be classified a domestic support obligation and therefore is not dischargeable in Defendant's bankruptcy.

The Court concludes that under 11 U.S.C. § 523 (a)(5) and (15) the debt owed by Defendant to Plaintiff to be non dischargeable. The Court will enter a separate judgment order to that effect.

DATE: 4/21/16

ENTER:

_____
Hon. Jack B. Schmetterer

UNITED STATES BANKRUPTCY JUDGE

Thomas N. Auwers, Esq.
HELLER & RICHMOND, LTD.
Attorney for Plaintiff
33 N. Dearborn St., Suite 1907
Chicago, IL 60602
(312) 781-6700